■ In the Matter of PAVEL SAMOILOV, Respondent, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Appellant. [751 NYS2d 523] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles, dated August 28, 2001, which suspended the petitioner's driver's license, the New York State Department of Motor Vehicles appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Bernstein, J.), dated October 24, 2001, which granted the petition, denied its application to dismiss the proceeding for failure to state a claim, and directed it to reinstate the petitioner's driver's license.

Ordered that the order and judgment is reversed, on the law, with costs, the application is granted, and the proceeding is dismissed on the merits.

The New York State Department of Motor Vehicles (hereinafter the DMV) suspended the petitioner's New York State driver's license in accordance with the terms of an interstate compact (*see* Vehicle and Traffic Law § 517), after the DMV was informed by a Pennsylvania court that the petitioner failed to subject himself to the jurisdiction of that court when he did not appear for a hearing on August 8, 2001, in response to a traffic summons that was issued to him on May 9, 2001, for speeding in Pennsylvania.

The petitioner commenced this proceeding to review the suspension of his New York State driver's license. The DMV filed an application to dismiss the proceeding, arguing, inter alia, that the petition failed to state a cause of action. The Supreme Court granted the petition, denied the application,

and directed the DMV to reinstate the petitioner's driver's license.

The petitioner concedes that he was served with a traffic summons for speeding and that he failed to appear at a hearing before the Pennsylvania court. Moreover, the petitioner failed to submit any documentary evidence that he personally appeared before the Pennsylvania court. Therefore, the DMV was authorized to suspend the petitioner's driver's license until he subjected himself to the jurisdiction of the Pennsylvania court (*see* Vehicle and Traffic Law § 510 [4]). Accordingly, the Supreme Court erred in granting the petition and in denying the application to dismiss the proceeding, as the petitioner failed to allege any legal wrong (*see* CPLR 7803 [3]; *Matter of Davidson v Tapley,* 57 AD2d 927).

The petitioner's remaining contentions are without merit. S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.